UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SNELL,

       Plaintiff,                   Case No.  14-13661

v.                                    District Judge Denise Page Hood
                                    Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION TO DISMISS [Docket #9]**

This is a Social Security Disability appeal, brought under 42 U.S.C. § 405(g) by Plaintiff William Snell, who is represented by attorney Richard J. Doud. The matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion to dismiss [Docket #9] be DENIED but that Plaintiff's attorney be personally sanctioned in the amount of $500.00 for the failure to comply with the Court's scheduling order, payable to the Commissioner as attorney fees and costs related to bringing the present motion.

**I.    BACKGROUND**

Plaintiff filed his complaint on September 22, 2014. On December 1, 2014, the Court

entered a scheduling order [Docket #8], requiring that Plaintiff's motion for summary judgment be filed on or before January 15, 2015.

January 15, 2015 came and went without Plaintiff having filed either his motion or a request for extension of time to do so. On February 25, 2015, Defendant filed the present motion, arguing that Plaintiff's failure to comply with the scheduling order or timely request an extension of time to file his summary judgment constitutes grounds for dismissal. *Docket #9*. Plaintiff did not file his motion for summary judgment and a separate motion for an extension of time until March 18, 2015. *Docket #10-11*.

## II.   LEGAL PRINCIPLES

The Court may dismiss a complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *Mulbah v Detroit Board of Education,* 261 F.3d 586, 589 (6th Cir. 2001).

Fed.R.Civ.P. 41(b) provides:

> "**(b) Involuntary Dismissal: Effect Thereof.**  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Rule 41(b) also permits the Court to dismiss a case *sua sponte* under its inherent power: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.  The power to invoke this

2:14-cv-13661-DPH-RSW   Doc # 12   Filed 03/25/15   Pg 3 of 5   Pg ID 301

sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.* 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*.

### III.   DISCUSSION

As to the first *Knoll* factor, Plaintiff is clearly at fault for not complying with the scheduling order of December 1, 2014 and failing to request an extension of time for filing his motion for summary judgment until over two months after the January 15, 2015 due date. There was nothing ambiguous or unclear about the Court's scheduling order. While Plaintiff's attorney notes that his firm recently lost an attorney who was responsible for filing disability appeals, he is unable to explain the over two-month delay or the failure to request an extension. The attorney's explanation for his failure to file a timely brief is also undermined by the fact that less than three pages of the 10-page brief actually reference

-3-

Plaintiff's medical condition, the rest consisting of the same inapplicable boilerplate found in most of this attorney's arguments. *See Fielder v. Comm'r of Soc. Sec.,* 2014 WL 1207865, at *1 n. 1 (E.D.Mich. March 24, 2014)(Rosen, C.J.)(noting present attorney's "lamentable record of filing one-size-fits-all briefs").

Nonetheless, the remaining factors point to a lesser sanction than dismissal. As to the second factor, there is no significant, identifiable prejudice to the Defendant at this point. Likewise, as to the third factor, Plaintiff's attorney was not previously advised that his failure to abide by the Court's scheduling order would lead to a recommendation of dismissal. Further, under the fourth factor, I find that attorney's clearly deficient performance can be sanctioned short of the extreme sanction of dismissing his client's case. *See Mulbah, supra*. As such, I recommend that Plaintiff's attorney be sanctioned in the amount of $500.00 for his failure to comply with this Court's scheduling order.

## IV.  CONCLUSION

For all the above reasons, I recommend that Defendant's motion to dismiss [Docket #9] be DENIED but that Plaintiff's attorney be personally sanctioned in the amount of $500.00 for the failure to comply with the Court's scheduling order, payable to the Commissioner as attorney fees and costs related to bringing the present motion. .

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 25, 2015

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 25, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager